No. 96-550

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997

LYNN LABATTE and LYNDA LABATTE,
d/b/a L& L SANITATION,

Plaintiffs and Appellants,

v.

TOWN OF CULBERTSON,

Defendant and Respondent.

FILED

APR 29 1997

Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Fifteenth Judicial District,
               In and for the County of Roosevelt,
               The Honorable David J. Cybulski, Judge presiding.


COUNSEL OF RECORD:

        For Appellants:

                Laura Christoffersen; Christoffersen & Knierim,
                Wolf Point, Montana

        For Respondent:

                Greg Hennessy; Hennessy Law Office,
                Williston, North Dakota


Submitted on Briefs: February 27, 1997

Decided:  April 29, 1997

Filed:

_____
Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

Lynn Labatte and Lynda Labatte, d/b/a L & L Sanitation (L & L), sought a declaratory judgment in the Fifteenth Judicial District Court, Roosevelt County, concerning the Town of Culbertson's ordinances on garbage collection and disposal. The District Court granted summary judgment to the Town of Culbertson (Town). L & L appeals and we reverse.

The dispositive issue on appeal is whether the District Court erred in concluding that the Town's garbage ordinances provide a mandatory garbage fee which does not abate when the Town's contracted garbage service is not used.

## Background

Lynn Labatte and Lynda Labatte are residents of Culbertson, Montana, whose garbage disposal business, L & L Sanitation, is a Class D certified garbage carrier licensed by the Public Service Commission. The Town of Culbertson is a general power municipality and political subdivision of the State of Montana.

L & L had contracted with the Town to haul the Town's garbage over a number of years. It last contracted to haul that garbage to a landfill in Williston, North Dakota, from May 1994 through June 1995. When L & L's contract expired, the Town put its garbage-hauling needs out for bid. The new three-year contract was awarded to a garbage hauler located in Williston.

2

In January 1996, L & L advertised to haul commercial and residential garbage for citizens living inside and outside the Town limits. Residents of the Town contacted L & L to request service, and then contacted the office of the Culbertson Town Clerk to discontinue their Town garbage service. They were advised that they could not discontinue Town garbage service and that, if they did not pay their city garbage bill, their water service would be turned off.

L & L brought this action seeking a declaratory judgment that the Town, pursuant to its Town Code, cannot restrict collection of garbage within its limits to the Town's contracted service, and that it has no power to shut off the water of any person or business disposing of garbage either through contract with L & L or otherwise. On cross-motions for summary judgment, the District Court determined that although the Town Code does not provide that the Town's contracted garbage service is exclusive, CULBERTSON, MT., CODE § 7.02.070 provides that a fee will be collected under a fee schedule for ordinary garbage service and does not provide that the fee is abated if garbage service is not used. The court reasoned that "[t]he Town's right to collect and enforce fees for service[s] lawfully provided, regardless of whether they are accepted, remains intact." The court concluded that while the Town Code does not prohibit L & L from providing both ordinary garbage service and extraordinary garbage service to Town residents, nonuse of the Town's contracted garbage services does not abate the fees for those services established under the Town Code. The court further

3

concluded that L & L was not entitled to relief under § 7-13-4107, MCA, because L & L was not a private waste disposal service.

## Standard of Review

Summary judgment is proper when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. Rule 56(c), M.R.Civ.P. This Court reviews a grant of summary judgment under the same Rule 56(c), M.R.Civ.P., criteria used by the district court. Carelli v. Hall (Mont. 1996), 926 P.2d 756, 759, 53 St.Rep. 1116, 1117 (citation omitted). Here, the parties agree that there are no genuine issues of material fact; they disagree only as to questions of law. We review a district court's conclusions of law to determine whether they are correct. Werre v. David (1996), 275 Mont. 376, 385, 913 P.2d 625, 631.

## Discussion

Did the District Court err in concluding that the Town's garbage ordinances provide a mandatory garbage fee which does not abate when the Town's contracted garbage service is not used?

The parties direct our attention to various garbage-related sections of the Culbertson Town Code. CULBERTSON, MT., CODE § 7.02.070 provides:

> For the collection of garbage, rubbish and refuse, and for the disposal thereof, there is hereby fixed and established the following schedule of monthly fees and charges to be placed upon the water bills of the person occupying the residence from which garbage, refuse or rubbish is collected . . . .

4

CULBERTSON, MT., CODE § 7.02.110 provides:

> Any person owning, having collected or producing garbage, refuse, rubbish or wastes not subject to removal under the terms of this chapter may dispose of such garbage, refuse, rubbish or other wastes by transporting or arranging for the transportation thereof to the garbage disposal area of the town on such days and during such hours, to be determined by the Town Council, as the garbage disposal area may be open to the public.

The Town argues that if it had intended to exempt property from the garbage fee provided under § 7.02.070, it could--and would--have done so and that there is no opt-out provision in § 7.02.070. The Town argues that the only nonexclusive garbage-related provision of the Town Code is contained in § 7.02.110, which permits private individuals to either haul--or arrange for "custom" hauling of--garbage which exceeds the Town's hauling ability because of size, weight or hazardous material. We disagree.

The terms of a writing are jurisprudentially presumed to have been used as they are primarily and generally accepted. Section 1-4-107, MCA. Under § 7.02.070, the garbage collection fee is only charged to "a person occupying the residence <u>from which garbage, refuse or rubbish is collected</u>[;]" further, § 7.02.070 expressly establishes the fee schedule "[f]or the collection of garbage, rubbish or refuse . . . ." (Emphasis added.) Read in plain English, either alone or together, this language means that a fee may be charged only if garbage is collected from a residence; if no garbage is collected, no fee may be charged. Moreover, nothing in § 7.02.070 requires Town residents to have their garbage collected by

5

the Town's contract garbage collector. While the Town may desire to impose such a requirement, it has not done so in § 7.02.070.

The third Town Code section to which our attention is drawn, CULBERTSON, MT., CODE § 7.02.040, provides:

> The Town Council shall have the power to advertise for bids for the purpose of entering into a contract providing for the removal of garbage, rubbish and refuse from the town. The contract is to be entered into on or before the first regular meeting of the Town Council in the month of January on or before the termination date of the existing contract and shall be awarded for a term not to exceed three (3) years to the lowest responsible bidder. The contract is to provide that garbage, rubbish and refuse is to be collected from each family dwelling or residential building two (2) times a week, and from each commercial establishment three (3) times a week, except that this section shall not require the collection of garbage, refuse or rubbish where streets and alleys are in a temporary condition which makes it impossible so to do and in case of failure to collect such garbage, refuse and rubbish, such failure shall not relieve the occupant of the premises from the payment of the garbage, refuse and rubbish collection fee hereinafter provided for.
>
> The contract is to further provide that items of garbage, refuse and rubbish exceeding seventy-five (75) pounds by weight, or because of size not subject to placement in garbage containers, shall be collected from each family dwelling or residential building and commercial establishment at least once a month. [Emphasis added.]

This ordinance sets forth provisions to be included in any contract between the Town and a commercial garbage hauler for garbage collection and removal. However, the terms the Town has chosen to include in a contract between it and a garbage hauler cannot be read to impose a use or fee obligation on residents where none is provided in §§ 7.02.070 and 7.02.110.

We conclude that the Culbertson Town Code neither requires nor permits the Town to charge a fee for its garbage service unless that service is used. As a result, we hold that the District Court erred in concluding that the Town Code establishes a mandatory garbage fee that does not abate when the Town's contract garbage service is not used. We, therefore, reverse the District Court's grant of summary judgment to the Town and direct the entry of judgment for L & L on its complaint for declaratory judgment.

We observe that the parties also dispute--both procedurally and substantively--a conclusion by the District Court that L & L is not entitled to relief pursuant to § 7-13-4107, MCA. For the reasons stated briefly below, we determine that the court erred in reaching that conclusion because it related to an issue which was beyond the scope of relief sought. Thus, we reverse that conclusion on procedural grounds and decline to address it on the merits.

L & L's declaratory judgment complaint sought a declaration interpreting the Town's garbage-related ordinances in favor of nonexclusive Town contract garbage service and non-mandatory fees when the Town's service was not used. The Town's answer disputed L & L's interpretation of the ordinances, asserted its municipal power to amend its ordinances at any time and requested dismissal of L & L's complaint.

L & L's motion for summary judgment again requested only an interpretation of the Town's garbage ordinances. In its arguments, L & L warned that it might subsequently pursue an action pursuant to either § 7-13-4107, MCA, which sets forth requirements

7

applicable when a municipality decides to switch from garbage service by a private motor carrier to exclusive public service, or the "takings" clause of the Montana Constitution; it provided legal analyses on those subjects "for illustrative purposes." Noting L & L's warning, the Town's motion for summary judgment argued that the District Court should exercise its statutory discretion not to render a declaratory judgment because the judgment would not terminate the controversy; it sought summary judgment on the merits of the action pursuant to § 7-13-4107, MCA.

In granting the Town's motion, the District Court first interpreted the garbage-related ordinances at issue in the Town's favor. As discussed above, the court's conclusion regarding the ordinances is erroneous.

The District Court then proceeded to address and resolve the issues relating to § 7-13-4107, MCA, in the Town's favor. As outlined above, those issues were not part of L & L's declaratory judgment complaint or the relief sought therein. In essence, the District Court permitted the Town to raise, in its summary judgment motion, substantive matters not at issue in the case and to prevail on those matters. The Town cites to no authority in support of such a procedure which would allow a court to render an advisory opinion on a potential but nonexistent legal action.

It is true, as the Town contends, that § 27-8-206, MCA, permits a district court to refuse to render a declaratory judgment where the judgment "would not terminate the uncertainty or controversy giving rise to the proceeding." The District Court did not do so

8

here, however. As set forth above, the District Court purported to resolve a declaratory judgment action premised entirely on Town ordinances on the basis of substantive issues beyond the scope of the relief sought in the pleadings. The court erred in doing so.

Reversed and remanded for further proceedings consistent with this opinion.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____
Justices