# FILED

June 28 2011

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA



DA 10-0549

## IN THE SUPREME COURT OF THE STATE OF MONTANA

### 2011 MT 152

IN THE MATTER OF THE PETITION TO
TRANSFER TERRITORY FROM
DUTTON/BRADY K-12 SCHOOL DISTRICT
NO. 28C TO CONRAD HIGH SCHOOL AND
ELEMENTARY DISTRICTS NO. 10.

APPEAL FROM:    District Court of the Ninth Judicial District,
In and For the County of Pondera, Cause No. DV 10-14
Honorable Laurie McKinnon, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Michael W. Dahlem; Attorney at Law, Whitefish, Montana

For Appellee:

Jeffrey M. Hindoien; Jeffrey M. Hindoien, P.C., Helena, Montana

Submitted on Briefs:  May 11, 2011

Decided:  June 28, 2011

Filed:

_____
Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1     Conrad High School and Elementary Districts No. 10 appeal from an order of the Ninth Judicial District Court, Pondera County, affirming the decision of a panel of county superintendents denying a petition to transfer territory from Dutton/Brady K-12 School District No. 28C to Conrad High School and Elementary Districts No. 10.

¶2     The sole issue on appeal is whether the District Court erred in concluding the panel of superintendents did not abuse its discretion in denying the territory transfer petition.

¶3     We affirm.

## BACKGROUND

¶4     In November 2009, the Pondera County Superintendent of Schools received a petition seeking to transfer territory from Dutton/Brady K-12 School District No. 28C (Dutton-Brady) to Conrad High School and Elementary Districts No. 10 (Conrad Schools). The subject territory consists of approximately 90% of the former Brady School District, which was consolidated with the Dutton School District in 2005 to form Dutton-Brady. Approximately thirty-six school-age children reside in the subject territory.

¶5     Because Dutton-Brady did not agree to the territory transfer, the petition was referred to a three-member panel of county superintendents, consisting of the respective county superintendents for the two districts affected by the petition and a jointly-appointed county superintendent. The panel conducted a public hearing on January 5, 2010, and heard testimony from thirty-seven individuals and received written testimony from approximately twenty individuals.

2

¶6 Following the hearing, the panel allowed the petition to be amended. On February 22, 2010, the panel denied the amended petition on a 2-1 vote. The transfer petitioners and Conrad Schools appealed to District Court. The District Court affirmed the panel's decision on September 15, 2010. Conrad Schools appeals.

## STANDARD OF REVIEW

¶7 We review a district court's conclusions of law for correctness. *Pennaco Energy, Inc. v. Mont. Bd. of Envtl. Rev.*, 2008 MT 425, ¶ 18, 347 Mont. 415, 199 P.3d 191. A district court reviews a county superintendent panel's decision to deny a territory transfer petition for an abuse of discretion. Section 20-6-105(9), MCA. An abuse of discretion occurs when a tribunal acts "arbitrarily without employment of conscientious judgment or exceed[s] the bounds of reason[,] resulting in substantial injustice." *In re Marriage of Guffin*, 2010 MT 100, ¶ 20, 356 Mont. 218, 232 P.3d 888. A decision is arbitrary if it appears to be "random, unreasonable, or seemingly unmotivated, based on the existing record." *Silva v. City of Columbia Falls*, 258 Mont. 329, 335, 852 P.2d 671, 675 (1993).

## DISCUSSION

¶8 *Whether the District Court erred in concluding the panel of superintendents did not abuse its discretion in denying the territory transfer petition.*

¶9 In determining whether to grant or deny a territory transfer petition, a panel of county superintendents considers the effect of the transfer on the following:

> (a) the educational opportunity for the students in the receiving and transferring districts, including but not limited to:
>> (i) class size;
>> (ii) ability to maintain demographic diversity;

3

(iii) local control;

(iv) parental involvement; and

(v) the capability of the receiving district to provide educational services;

(b) student transportation, including but not limited to:

(i) safety;

(ii) cost; and

(iii) travel time of students;

(c) the economic viability of the proposed new districts, including but not limited to:

(i) the existence of a significant burden on the taxpayers of the district from which the territory will be transferred;

(ii) the significance of any loss in state funding for the students in both the receiving and transferring districts;

(iii) the viability of the future bonding capacity of the receiving and transferring districts, including but not limited to the ability of the receiving district and the transferring district to meet minimum bonding requirements;

(iv) the ability of the receiving district and the transferring district to maintain sufficient reserves . . . .

Section 20-6-105(6), MCA.

¶10    Based upon evidence presented regarding the above effects of the transfer, the panel, guided by the best and collective interests of all students in the affected districts, issues its decision:

If, based on a preponderance of the evidence, the county superintendent determines that the evidence on the effects described in [§ 20-6-105(6), MCA] supports a conclusion that a transfer of the territory is in the best and collective interest of students in the receiving and transferring districts and does not negatively impact the ability of the districts to serve those students, the county superintendent shall grant the transfer. If the county superintendent determines that, based on a preponderance of the evidence presented at the hearing, a transfer of the territory is not in the best and collective interest of students in the receiving and transferring districts and will negatively impact the ability of the districts to serve those students, the county superintendent shall deny the territory transfer.

Section 20-6-105(8), MCA.

4

¶11 Here, the panel made findings regarding each effect contained in § 20-6-105(6), MCA. First, regarding § 20-6-105(6)(a), MCA, the panel found that the hearing testimony was unanimously positive regarding parental involvement in Conrad Schools. Concerning § 20-6-105(6)(b), MCA, the panel found Conrad Schools' busses do not have Dutton-Brady's permission to travel into the Dutton-Brady area. Petition proponents voiced concerns regarding travel safety and transportation costs, although some students in the subject territory opt to drive to Conrad or receive rides from parents traveling to Conrad for work. Regarding § 20-6-105(6)(c), MCA, the panel made the following findings about tax implications, based upon the written and oral testimony received: (1) The current taxable value of Dutton-Brady is $5.42 million. The taxable value of the subject territory is $2.35 million. The transfer would reduce the Dutton-Brady taxable value by over 43%; (2) A transfer would increase Dutton-Brady landowners' school taxes by 50%; (3) The current taxable value of Conrad High School is $7.17 million, and the transfer would increase that value by 33%. The current taxable value of Conrad Elementary School is $6.87 million, and the transfer would increase that value by 34%; (4) The transfer would decrease school taxes on current Conrad Schools residents by 14%; and, (5) If the transfer were approved, a resident in the subject territory would have a school tax increase of 24%.

¶12 Based upon the above findings, the panel made the following conclusions: (1) Little would change for students attending Conrad Schools, but educational opportunities for Dutton-Brady students would decrease; (2) If students chose to ride the bus to Conrad Schools, transportation safety would increase, and families would save money; and, (3)

5

Conrad Schools residents' taxes would decrease, while the taxes in the subject territory would increase. Dutton-Brady taxes would increase as a result of a 43% reduction in the tax base. The panel denied the petition, concluding that although the transfer would be of some benefit to students attending Conrad Schools, the preponderance of the evidence supported a finding that the transfer was not in the best and collective interests of the students in the receiving district and transferring district and would negatively impact the ability of Dutton-Brady to serve its students.

¶13 The District Court affirmed, concluding the panel considered the evidence of the transfer's effects, as provided in § 20-6-105(6), MCA, and "acted with reason, consideration, and an understanding of [its] [statutory] obligation . . . ." The District Court, pointing to Dutton-Brady Superintendent Tharp's testimony that Dutton-Brady would face cuts in staffing and programming if the transfer was granted, concluded the panel's conclusion that a transfer would negatively impact the educational opportunities for Dutton-Brady students was supported by the evidence. The District Court also concluded that the tax implications—the reduction of Dutton-Brady's taxable value by 43% and increase of taxes for landowners in Dutton-Brady by 50%—were substantial and, standing alone, supported a conclusion that a transfer would not be in the best and collective interests of the students in the proposed new districts.

¶14 On appeal, Conrad Schools argues that a projected tax increase for the remaining residents of Dutton-Brady constitutes an improper basis for denying the territory transfer petition because the 43% reduction in Dutton-Brady's taxable value would be made up with

a 50% increase in taxes, leaving Dutton-Brady with the same resources. Conrad Schools asserts the panel should have approved the transfer because it will benefit a clear majority of the students living in the subject territory.

¶15     Conrad Schools' argument that the panel improperly considered the tax implications of the transfer ignores § 20-6-105(6)(c)(i), MCA, which provides that the burden imposed on taxpayers within the district from which the territory will transfer is a factor the panel of superintendents must consider. Likewise, Conrad Schools' assertion that the panel erred in denying the transfer because a majority of the students would benefit ignores the plain language of § 20-6-105(8), MCA, which requires the panel to consider the best and collective interests of *all* students in the affected districts. Although Conrad Schools may disagree with the panel's findings and conclusions, nothing in the record before us indicates the panel acted arbitrarily or capriciously in issuing its decision. Instead, the record demonstrates the panel, in accordance with § 20-6-105, MCA, carefully evaluated the effects of the proposed transfer and made its decision based upon the best and collective interests of all students involved. Accordingly, the District Court correctly affirmed the panel's decision.

## CONCLUSION

¶16     Affirmed.


                                          /S/ MICHAEL E WHEAT

We concur:

7

/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ JIM RICE