JUSTICE RICE
delivered the Opinion of the Court.
¶1 Power Elementary School District No. 30 (Power School District) appeals an order entered by the Eighth Judicial District Court, Cascade County, affirming an administrative panel’s dismissal of a petition for the transfer of territory from Vaughn Elementary School District No. 74 (Vaughn School District) to Power School District. We *346 affirm and address the following issue:

Did the District Court err by affirming the decision of a panel of county school superintendents to dismiss a school territory transfer petition?

FACTUAL AND PROCEDURAL BACKGROUND
¶2 The educational facility in question is the Hillcrest Hutterite Colony Attendance Center, located in Cascade County. The Attendance Center was formed after several colony members petitioned the Vaughn School District’s Board of Trustees in February 2013 to open an attendance center for elementary education on the Colony. Vaughn School District ultimately entered into a contract with Hillcrest Colony to provide educational services in exchange for use of a Colony facility, entitled the Hillcrest Colony Attendance Center Agreement. The Agreement provided that “Hillcrest Elementary School shall be operated at all times as a public school of the Vaughn School District....” Vaughn School District employs a full-time teacher and a teacher’s aide to staff the Attendance Center. Vaughn School District also provides textbooks, equipment, and teaching supplies for the Attendance Center, and the Administrator of Vaughn School District serves as the chief administrator for the Attendance Center. The Attendance Center opened its doors to students in the late summer of 2013.
¶3 In November 2013, Vaughn School District received a petition, pursuant to § 20-6-105, MCA, requesting the transfer a specified portion of territory (Transfer Territory) from Vaughn School District to the Power School District in Teton County. Because the petition sought a territory transfer involving more than one county, a panel of three county school superintendents was assembled to decide the matter, pursuant to § 20-6-105(10), MCA. The statutory criteria for a transfer petition include the requirement that the requested territory not be “located within 3 miles, over the shortest practicable route, of an operating school in the district from which it is to be transferred.” Section 20-6-105(l)(a)(iii), MCA. After receiving briefing on this issue, the superintendent panel determined: “It is the majority opinion of the Panel that Hillcrest Attendance Center is a school based on the information discussed above and operates as any public school in the state of Montana.” Because the Transfer Territory was located within three miles of the Attendance Center, the panel dismissed the transfer petition.
¶4 Power School District petitioned for judicial review of the *347 superintendent panel’s decision. The District Court affirmed the panel’s dismissal of the petition, reasoning that “[t]he [Attendance Center] has been operating as a school since the 2013-2014 school year. In all respects, it is an operating school maintained under state law at public expense.” Power School District appeals.
STANDARDS OF REVIEW
¶5 A ruling on a territory transfer petition “must be upheld unless the court finds that the county superintendent’s decision constituted an abuse of discretion under this section.” Section 20-6-105(9), MCA. “An abuse of discretion occurs when a tribunal acts ‘arbitrarily without employment of conscientious judgment or exceed[s] the bounds of reason[,] resulting in substantial injustice.’ ” In re Petition to Transfer Territory from Dutton, 2011 MT 152, ¶ 7, 361 Mont. 103, 259 P.3d 751 (citation omitted). “A decision is arbitrary if it appears to be ‘random, unreasonable, or seemingly unmotivated, based on the existing record.’ ” Dutton, ¶ 7 (citation omitted).
¶6 “We review a district court’s conclusions of law for correctness.” Dutton, ¶ 7 (internal citation omitted). “A statutory interpretation is a conclusion of law, which we review to determine whether the district court’s interpretation of the law is correct.” State v. Price, 2002 MT 150, ¶ 15, 310 Mont. 320, 50 P.3d 530.
DISCUSSION
¶7 Did the District Court err by affirming the decision of a panel of county school superintendents to dismiss a school territory transfer petition?
¶8 Power School District contends that the superintendent panel’s decision to dismiss the petition on the ground that the Transfer Territory was located within three miles of an operating school was an abuse of discretion, arguing that the Attendance Center does not constitute an “operating school.” Section 20-6-105(l)(a)(iii), MCA. Power School District further asserts that the District Court’s interpretation of the governing statute was incorrect.
¶9 Section 20-6-501, MCA, provides the following definition of “school”: “[U]nless the context clearly indicates otherwise, the term ‘school’ means an institution for the teaching of children that is established and maintained under the laws of the state of Montana at public expense.” While interpreting statutes, a court is simply to ascertain and declare what is in terms or in substance contained therein. See § 1-2-101, MCA. “The terms of a writing are *348 jurisprudentially presumed to have been used as they are primarily and generally accepted ”Labatte v. Town of Culbertson, 282 Mont. 342, 345, 938 P.2d 611, 613 (1997) (applying maxim to interpretation of city code); see § 1-4-107, MCA.
¶10 Montana statutes do not provide a definition for an attendance center. An informal description is provided by the Office of Public Instruction (OPI): “An attendance center is a location where students regularly attend school at a location other than the regular school building. The attendance center is effectively part of a specified school of the district. Attendance centers are not specifically defined in law, since they are a part of a school, which is defined.” Mont. Office of Pub. Instruction, Get Answers — Attendance Centers, opi.mt.gov, http://perma.cc/Q39Q-A59R (last updated May 21,2010). Throughout the description, OPI refers to an attendance center as a “school,” using the terms synonymously: “Because it is a public school that is also part of a school district, an attendance center falls under the accreditation requirements of the school it is a part of.” Mont. Office of Pub. Instruction, Get Answers. However, while OPI’s description gives helpful information about attendance centers generally, it is not conclusive of the legal issue before the Court.
¶11 The operative facts are essentially uncontested. Under the terms of the Agreement between Vaughn School District and the Hillcrest Colony, the Attendance Center was opened to “operat[e] at all times as a public school of the Vaughn School District,” or in other words, as “an institution for the teaching of children” of Vaughn School District. Section 20-6-501, MCA. The Attendance Center was open to any student in the area, not just colony students.[1] Vaughn School District employs a teacher and a teacher’s aide to staff the Attendance Center, and Vaughn School District had applied for and received funding from OPI for the Attendance Center.[2] Vaughn School District provides textbooks, teaching supplies, and administrative supervision to the Attendance Center, and is also responsible for providing any additional support services for the Attendance Center students. In addition, by *349 terms of the Agreement, the Attendance Center is required to meet Vaughn School District policies and standards, including “all State and Federal laws, administrative rules and policies applicable to public schools and all rules and policies of the School District,” as well as compulsory enrollment requirements. These facts convince us that the panel’s judgment did not exceed the bounds of reason, nor did the panel act unreasonably when concluding that the Attendance Center “currently operates as any public school in the state of Montana.”
¶12 Power School District also contends that the District Court “misinterpreted and misapplied operative statutes,” arguing that the Attendance Center cannot be an established “school” because it was not opened consistent with the procedures set forth in § 20-6-502, MCA. That statute establishes the procedures for opening or reopening an elementary school, including the requirements that the county superintendent and board of county commissioners approve the opening of the school, and that the superintendent of public instruction likewise approve the opening. See § 20-6-502(2)-(4), MCA. Power School District argues that “[t]he District Court’s conclusion ignores a significant part of the statutory definition (i.e. that to be a school, the institution must also be established under the laws of Montana) and it ignores a more specific statute prescribing what must be done before a school can be opened.” We review a district court’s interpretation of a statute for correctness. Price, ¶ 15.
¶13 The District Court addressed this issue, reasoning:
The territory transfer panel acknowledged the approval of the county commissioners was missing from the process to open the Hillcrest Colony facility... . The Court agrees with the transfer panel, though, that the lack of county commissioner approval does not, ipso facto, invalidate the Hillcrest Colony facility’s status as an “operating school” for purposes of § 20-6-105(l)(a)(iii), MCA.... The Hillcrest Colony facility is currently operating as a public elementary school.
¶14 In McKirdy v. Vielleux, 2000 MT 264, ¶ 21, 302 Mont. 18, 19 P.3d 207, this Court was faced with the validity of a single petition seeking transfer of territory for both a high school and an elementary school under a statute providing that a high school territory petition “must be accompanied by a petition to transfer the same territory as elementary territory in accordance with [§] 20-6-213, [MCA],” in the absence of such a separate petition. Approving the combined petition, we reasoned that “this Court has refused to abide by such a strict, formalistic approach to statutory interpretation, and have readily applied the *350 maxim: ‘The law respects form less than substance/ pursuant to § 1-3-219, MCA.” McKirdy, ¶ 35.
¶15 Similarly, we conclude upon the record of this case, including that the Attendance Center was approved by local school authorities and approved for funding by state school authorities, staffed with school employees, funded with public resources, regulated under state[3] and federal law, and opened to all qualifying students, that it was “established and maintained under the laws of the state of Montana at public expense.” Section 20-6-501, MCA. To conclude that a school was not established here by the lack of a vote by the county commissioners, who do not exercise direct supervision over public schools, and the lack of formal approval by the state superintendent, when that office approved the Attendance Center de facto by funding and regulating it, would truly elevate form over substance. The record evidence clearly establishes the substance of the matter — the Attendance Center is fully functioning as a public school and providing “for the teaching of children.” Section 20-6-501, MCA.
¶16 The District Court correctly held that the superintendent panel did not abuse its discretion or otherwise err as a matter of law in interpreting the governing statutes.
¶17 Affirmed.
CHIEF JUSTICE McGRATH, JUSTICES SHEA and WHEAT concur.

 The Agreement provided that “Enrollment at Hillcrest Elementary School shall also be open to any and all qualified residents of the Vaughn School District.”

 While the Dissent notes that Vaughn School District applied for and received additional funding for the Attendance Center under the procedure for “Anticipated Enrollment Increase,” the funding application stated that the reason for such increased enrollment was the “Opening of Colony Attendance Center.”

 The Dissent posits that “the Attendance Center could not have been accredited under State law” because it was not properly opened as a school. Dissent, ¶ 12. The record is devoid as to the Attendance Center’s accreditation status as of the 2013-2014 year because it opened at the same time that OPI was in the data collection phase for the accreditation process for that year. However, the record indicates that “Hillcrest Colony Elementary” was granted regular accreditation status for the 2014 school year, as attested to by a certificate signed by the Superintendent of Public Instruction.